http://www.va.gov/vetapp16/Files3/1621726.txt

Citation Nr: 1621726 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 07-20 464 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUES

1. Entitlement to a disability rating higher than 10 percent for degenerative disc disease of the lumbar spine. 

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU). 

REPRESENTATION

Appellant represented by: The American Legion

ATTORNEY FOR THE BOARD

M. Peters, Counsel

INTRODUCTION

The Veteran had active service from June 1958 to December 1977.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2006 rating decision by the Department of Veterans Affairs (VA), Regional Office (RO), in St. Petersburg, Florida, that awarded the Veteran a temporary total disability rating for his lumbar spine disability based on convalescence following surgery under 38 C.F.R. § 4.30 from March 14, 2006, through April 30, 2006, then assigned a 10 percent disability rating for the Veteran's lumbar spine disability, effective May 1, 2006. The Veteran timely appealed the assigned evaluation for his lumbar spine disability. 

The Board has taken jurisdiction over the claim of entitlement to TDIU, as such a claim is part and parcel of a claim for increased evaluation. See Rice v. Shinseki, 22 Vet. App. 447 (2009).

This case was previously before the Board in February 2011 and April 2013, when it was remanded for additional development. The case has been returned to the Board at this time for further appellate review. 

The Veteran's claims file has been converted into a paperless claims file via the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. All records in such files have been considered by the Board in adjudicating this matter. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the agency of original jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

With respect to the TDIU claim, the Veteran was awarded service connection for diabetes mellitus, type II, in a February 2016 rating decision; the last time that the AOJ adjudicated the TDIU claim was in a July 2014 Supplemental Statement of the Case. The Veteran's representative indicated in their April 2016 Informal Hearing Presentation that a remand was necessary in order for the AOJ to address this newly-awarded service-connected disability respecting entitlement to TDIU in the first instance; the Board construes such a request to be a non-waiver of original jurisdiction and, therefore, the case must be remanded for issuance of a Supplemental Statement of the Case at this time. 

Notwithstanding, the Board notes that several of the Veteran's service-connected disabilities, including his service-connected sinusitis, hemorrhoids, ureterolithiasis, and amputation of his right middle and index fingers have not been afforded a VA examination during the pendency of this appeal. His service-connected prostate cancer was last assessed in April 2012; his bilateral hearing loss was last assessed in September 2011. The Veteran's diabetes mellitus was assessed in an October 2015 VA examination, at which time the functional impact of that disability on the Veteran's employability was noted as being that the Veteran was "already retired." 

In the most recent July 2014 VA lumbar spine examination, the functional impact on the Veteran's employability "mild functional impairment"; the Board notes that no neurological examination of the Veteran's service-connected left lower extremity neuropathy was obtained at that time.

In the April 2016 Informal Hearing Presentation, the Veteran's representative noted that several of the Veteran's service-connected disabilities had not been examined or had not been examined in a long time and thus, a remand was requested in order for the Veteran to be afforded VA examinations of his service-connected disabilities such that entitlement to TDIU may be adequately addressed. The Board agrees and remands the TDIU claim at this time for the reasons above. 

Additionally, the Board notes that the Veteran has yet to be issued any notice with respect to his TDIU claim; likewise, he has yet to be provided with a VA Form 21-8940, which provides significant and important evidence vital to the adjudication of the Veteran's TDIU claim, such as work history and education. Such notice should be provided to the Veteran on remand, and the Veteran should be asked to provide information regarding his work history and education. See Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

Also, on remand, any ongoing private-including Dr. S.-and VA treatment records should also be obtained. See 38 U.S.C.A. § 5103A(b), (c); 38 C.F.R. § 3.159(b); see also Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim).

Finally, the Board notes that the increased disability rating claim for the Veteran's lumbar spine disability is inextricably intertwined with the remanded TDIU issue, as such a remand may-at minimum-produce potentially relevant VA treatment records. Therefore, that issue is also remanded at this time. See Henderson v. West, 12 Vet. App. 11, 20 (1998); Harris v. Derwinski, 1 Vet. App. 180, 183 (1991).

Moreover, while the Veteran's last VA examination of his lumbar spine disability was in July 2014, in light of the need to remand that claim at this time, during the remand and when obtaining VA examinations of the Veteran's other service-connected disabilities, the Veteran should also be afforded a VA examination of his lumbar spine disability in order to effectuate timely and efficient adjudication and resolution of his claims in this case. See Palczewski v. Nicholson, 21 Vet. App 174, 181-82 (2007); Snuffer v. Gober, 10 Vet. App. 400, 403 (1997); see also Bolton v. Brown, 8 Vet. App. 185, 191 (1995) (VA must provide a new examination where a veteran claims the disability is worse than when originally rated and the available evidence is too old to adequately evaluate the current severity); Caffrey v. Brown, 6 Vet. App. 377, 381 (1995).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Fully develop a claim for TDIU, to include providing the Veteran with appropriate notice respecting that claim and ask him to submit information regarding his education and work history, to include completing a VA Form 21-8940.

2. Obtain any relevant VA treatment records from the Pensacola VA Medical Center, or any other VA medical facility that may have treated the Veteran, since February 2016 and associate those documents with the claims file.

3. Ask the Veteran to identify any private treatment that he may have had for his lumbar spine disability, which is not already of record, to specifically include Dr. S. The Veteran is reminded that failure to provide authorization to obtain those records may result in VA being unable to assist him in obtaining those records and may ultimately result in a denial of his claims. 

After securing the necessary releases, attempt to obtain and associate those identified treatment records with the claims file. If any identified records cannot be obtained and further attempts would be futile, such should be noted in the claims file and the Veteran should be notified so that he can make an attempt to obtain those records on his own behalf.

4. Afford the Veteran VA examinations of his service-connected disabilities, to include his prostate cancer and associated erectile dysfunction, diabetes mellitus, amputation of his right middle and index fingers, bilateral hearing loss, hemorrhoids, recurrent sinusitis, and ureterolithiasis; such examinations should discuss the nature and severity of those disabilities, as well as the functional impairment respecting the Veteran's employability due to those disabilities. 

5. Schedule the Veteran for VA examination in order to determine the current severity of his lumbar spine disability and associated lower left extremity neuropathy. The claims folder must be made available to and be reviewed by the examiner. All tests deemed necessary should be conducted and the results reported in detail. 

The VA examiner should conduct range-of-motion testing and provide commentary regarding symptoms, including painful motion, functional loss due to pain, excess fatigability, weakness, and additional disability during flare-ups. Any additional loss of motion with repetitive movement must be noted. The examiner should inquire as to periods of flare-up, and note the frequency and duration of any flare-ups. The examiner must estimate the effect of all functional losses, including due to flare-ups, by equating the disability experienced due to such losses to additional loss of motion (stated in degrees) beyond what is shown clinically. Any ankylosis, and at what degree, should be noted.

With respect to the lumbar spine disability, the examiner is also directed to specifically comment on the following:

(a) Whether there is vertebra fracture with loss of 50 percent or more of the height.
(b) Whether there are muscle spasms, guarding, or localized tenderness present; and if so, whether such is severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis.
(c) Whether there is any ankylosis, either favorable or unfavorable, of the Veteran's thoracolumbar spine.
(d) Whether any intervertebral disc syndrome of the lumbar spine causes incapacitating episodes. (Identify the number and duration of incapacitating episodes involving physician-prescribed bed rest, if any, within a 12-month period.)
(e) The examiner must also identify any neurological abnormalities associated with the service-connected lumbar spine disability, to include any associated bladder or bowel impairment or radiculopathy, and provide findings necessary to rate any such impairment found. 

As for radiculopathy, particularly the Veteran's service-connected left lower extremity neuropathy, the nerves affected, or seemingly affected, by any radiculopathy should be identified and impairment of each described as mild, moderate, moderately severe, or severe in nature, and whether such represents symptomatology that more closely approximates incomplete or complete paralysis of the affected nerves. 

The examiner should specifically address the Veteran's lay statements regarding symptomatology associated with his lumbar spine disability, particularly during flare-up and repetitive use. The examiner should additionally address any functional impairment respecting the Veteran's employability as a result of his lumbar spine and associated left lower extremity disabilities. 

All opinions must be accompanied by a clear rationale. If the examiner opines that any of the above questions cannot be resolved without resorting to speculation, then a detailed medical explanation as to why this is so must be provided.

6. Following any additional indicated development, the AOJ should review the claims file and readjudicate the Veteran's claims for increased evaluation of his lumbar spine disability and entitlement to TDIU. If the benefits sought on appeal remain denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
DEMETRIOS G. ORFANOUDIS
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).